**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

JOE HENRY BANDY III,

Petitioner,

v.

LOUIS STENDER,

Respondent.

Civil No. 00-2779 (JRT/SRN)

**ORDER ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE**

---

Joe Henry Bandy III, #125257, Minnesota Correctional Facility—Willow River/Moose Lake, 1000 Lake Shore Drive, Moose Lake, Minnesota, 55767-9449, *pro se*.

Michael K. Walz, Assistant Hennepin County Attorney, OFFICE OF THE HENNEPIN COUNTY ATTORNEY, C-2000 Government Center, 300 South Sixth Street South, Minneapolis, MN, 55487, for respondent.

Petitioner Joe Henry Bandy, III, a state prisoner incarcerated at the Correctional Facility in Willow River/Moose Lake, Minnesota, files this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In a report and recommendation dated June 12, 2001, United States Magistrate Judge Susan Richard Nelson recommended that petitioner's habeas petition be denied on the basis that three of petitioner's four claims asserted in his present application for relief are procedurally defaulted and that the fourth

FILED JAN 3 0 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD. ______
DEPUTY CLERK ______

claim—that petitioner's convictions are not supported by sufficient evidence—fails on the merits.

This matter is before the Court on petitioner's objections to the report and recommendation. The Court has conducted a *de novo* review of petitioner's objections pursuant to 28 U.S.C. § 636(b)(1)(C) and D. Minn. L.R. 72.1(c)(2). For the reasons set forth below, the Court adopts the report and recommendation of the Magistrate Judge and dismisses petitioner's habeas petition.

**BACKGROUND**

On May 10, 1999, petitioner was found guilty of third degree criminal sexual conduct and deprivation of parental rights. He was later sentenced to a 178-month term of imprisonment and is presently serving that sentence at the Minnesota Correctional Facility in Moose Lake, Minnesota. Petitioner appealed his conviction to the Minnesota Court of Appeals, raising several issues. His appellate counsel presented three claims for relief: 1) that petitioner had been deprived of his constitutional right to a unanimous verdict as to each element of the charged offenses (unanimous verdict claim); 2) that there was insufficient evidence to support petitioner's conviction for criminal sexual conduct (insufficiency of the evidence claim); and 3) that petitioner should have been sentenced for only one of his convictions, because both of the charged offenses arose out of a single incident (sentencing claim). Petitioner also filed a supplemental *pro se* brief

in which he raised four additional claims.[1] The court of appeals rejected all of the arguments raised by petitioner's counsel and petitioner himself and affirmed the conviction.

Thereafter, petitioner sought review with the Minnesota Supreme Court. In this petition, petitioner's counsel sought review of the same three claims raised before the court of appeals. Again, petitioner filed his own *pro se* petition for review, however, aside from raising the insufficiency of the evidence claim raised below, he did not raise any of the other three claims raised in his *pro se* brief to the court of appeals. On July 25, 2000, the Minnesota Supreme Court declined to review the decision of the court of appeals.

On December 28, 2000, petitioner filed his present application for federal habeas corpus relief, raising the following claims: 1) his conviction violated his constitutional due process rights because there was insufficient evidence to support the jury's verdict (insufficiency of the evidence claim); 2) the trial court erred at sentencing by imposing an upward departure under the state sentencing guidelines; 3) ineffective assistance of trial counsel; and 4) denial of due process because a) the prosecution did not perform

---

[1] These claims included:

1) insufficient evidence to support his conviction for deprivation of parental rights;
2) the trial court abused its discretion by imposing a sentence that was an upward departure under state sentencing guidelines;
3) ineffective assistance of trial counsel; and
4) the trial court allowed the state to introduce false evidence.

sufficient testing on some of the evidence; b) there was no probable cause for charging him with a crime; and c) the prosecution knowingly introduced perjured testimony.

In the report and recommendation, the Magistrate Judge found that the court could not entertain claims two, three, and four because they had been procedurally defaulted and petitioner has not demonstrated any basis upon which to excuse the defaults. As to petitioner's first claim—insufficiency of the evidence—the Magistrate Judge concluded that such claim failed on the merits.

## ANALYSIS

### I. Procedural Default of Claims Two, Three and Four

At the outset, the Court finds that the Magistrate Judge properly concluded that three of petitioner's claims raised in his current § 2254 petition are procedurally defaulted under *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999). In *O'Sullivan*, the Supreme Court held that in order to satisfy the exhaustion requirement, a prisoner must present his claims to the state's highest appellate court, even though review at the state's highest court is discretionary. *Id.* at 845 ("[W]e conclude that state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the state's established appellate review process."). In this case, as in *O'Sullivan,* petitioner did not raise his claims of sentencing error (ground two), ineffective assistance of counsel (ground three) and denial of due process (ground four) in his petition for discretionary review to the Minnesota Supreme Court and it is now too late to do so.

Having procedurally defaulted on these claims, the Court can entertain these claims on federal habeas review only if petitioner can demonstrate either cause and prejudice or actual innocence to excuse his defaults. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Upon review of the record and petitioner's objections, the Court agrees with the Magistrate Judge that petitioner has failed to satisfy the requirements of either exception.[2] Accordingly, the Court must dismiss claims two, three and four of the petition.

## II. Insufficiency of the Evidence Claim

Unlike the other claims, petitioner has exhausted his state court remedies as to his insufficiency of the evidence claim and therefore, the Court reviews this claim on the merits. The standard of review for determining whether a conviction is supported by substantive evidence is "whether, after viewing the evidence in the light most favorable to the prosecution, **any** rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in original). The Magistrate Judge thoroughly reviewed the evidence presented at trial and concluded that the evidence presented at trial amply supports the jury verdict. Petitioner's objections have not offered anything to question that

---

[2] Although petitioner claims that he is making a claim of ineffective assistance of his appellate counsel in his objections, this claim was not fairly presented to the state courts and thus cannot be asserted as a basis for cause to excuse his procedural defaults. *Edwards v. Carpenter*, 120 S. Ct. 1587, 1591 (2000) ("a claim of ineffective assistance must be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default").

determination and the Court accordingly adopts the Magistrate Judge's determination that petitioner's insufficiency of the evidence claim fails on the merits.

Thus, for all the foregoing reasons, the Court adopts the Report and Recommendation of the Magistrate Judge and denies petitioner's habeas petition.

## ORDER

Based on the foregoing, the submission of the parties, and all of the files, records, and proceedings herein, the Court **OVERRULES** petitioner's objections [Docket No. 15] and **ADOPTS** the Report and Recommendation of the Magistrate Judge [Docket No. 14]. **IT IS HEREBY ORDERED** that:

1. Petitioner's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody [Docket No. 1] is **DISMISSED WITH PREJUDICE.**

2. For purposes of appeal, the Court does not certify the issues raised in petitioner's motion as petitioner has not made a "substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), as is required under the appeal statute for the issuance of a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A).

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: January 30, 2002
at Minneapolis, Minnesota.

John R. Tunheim
JOHN R. TUNHEIM
United States District Judge